UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN WAYNE BENNETT,

    Plaintiff,

v.                                    Case No. 5:19-cv-440-TKW/MJF

STATE OF FLORIDA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the order to show cause issued by the undersigned on December 13, 2019. For the reasons set forth below, the undersigned recommends that this action be dismissed for failure to pay the filing fee and failure to comply with three court orders.[1]

**I.**    **Background**

On November 4, 2019, Plaintiff, John Wayne Bennett, *pro se*, submitted to the clerk of the court a twenty-four-page document called "Petition of Proof of Jurisdiction." The first four pages are handwritten, and the last twenty pages are

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

school records, records relating to a third-party, Eugene Zazucki, and documents from related cases. On November 5, 2019, Plaintiff submitted to the clerk of the court a forty-four-page civil rights complaint, pursuant to 42 U.S.C. § 1983, and a motion to seal the complaint. (Doc. 2).[2]

In his complaint, Plaintiff alleged that employees of the State of Florida or a Florida municipality conducted a purportedly unlawful search of the home of Mr. Zazucki. This search purportedly resulted in the arrest of Plaintiff and Jessie L. Cox Bennett. Additionally, employees of the State of Florida or a Florida municipality took custody of Plaintiff's minor "stepson," GCU. Plaintiff asserted that the Defendants violated his Fourth Amendment rights, Fourteenth Amendment rights, and the False Claim Act. For relief, Plaintiff states "time spent in jail, loss of business, loss home, vehicle, attorney fees 5,000.00, loss time at work, hospital bills, 2 years of family torn apart."

This is not Plaintiff's first attempt to litigate in federal court. On December 21, 2018, Plaintiff filed a complaint in this court in which he alleged that employees of the State of Florida or a Florida municipality took custody of GCU. On August 7, 2019, United States District Judge Robert L. Hinkle adopted the undersigned's

---

[2] Plaintiff labeled his initial civil rights complaint as his "amended complaint." Plaintiff attached a copy of his document "Petition of Proof of Jurisdiction" to the amended complaint. It is unclear whether Plaintiff intended his "Petition of Proof of Jurisdiction" to be his original complaint.

recommendation that Plaintiff's civil action be dismissed without prejudice for failure to comply with court orders and failure to prosecute. *Bennett v. Dep't of Children & Families*, No. 5:18-cv-278-RH-MJF (Doc. 12). In that case, the Plaintiffs, including the instant Plaintiff, repeatedly violated Rule 5.2 of the Federal Rules of Civil Procedure insofar as they filed a complaint and an amended complaint that contained the full name of a minor, GCU. These documents also contained personal identifying information, including social security numbers and dates of birth. (Docs. 5, 9). The undersigned repeatedly advised Plaintiff of these deficiencies and instructed him to correct them. The undersigned's warnings did not deter Plaintiff from continuing to violate the Local Rules and the Federal Rules of Civil Procedure, however. *See Bennett v. Dep't of Children & Families*, No. 5:18-cv-278-RH-MJF (Docs. 5, 9, 12). Plaintiff's current complaint suffers from the same deficiencies.

Pursuant to Rule 41 of the Local Rules, the undersigned directed the clerk of court to return Plaintiff's complaint without filing the document and directed Plaintiff to file an amended complaint that complied with the Local Rules and the Federal Rules of Civil Procedure. (Doc. 4). Specifically, the undersigned ordered Plaintiff to submit a complaint that did not contain GCU's full name or include any personal identifying information. The undersigned imposed a deadline of December 12, 2019. (*Id.*). Plaintiff was advised that his failure to comply with the

undersigned's order likely would result in dismissal for failure to comply with a court order and failure to prosecute. (*Id.*).

Plaintiff also submitted a motion for leave to proceed *in forma pauperis*. (Doc. 1). Upon review of Plaintiff's attached financial affidavit, the undersigned found that the Plaintiff was not entitled to proceed *in forma pauperis*. (Doc. 3). The undersigned directed Plaintiff to submit payment of $400.00 ($350.00 filing fee and $50.00 administrative fee) to the clerk of the court on or before November 26, 2019. (*Id.*). The undersigned warned Plaintiff that his failure to pay the $400.00 fee likely would result in dismissal of this action for failure to pay the filing fee, failure to comply with a court order, and failure to prosecute. (*Id.*).

On December 13, 2019, after Plaintiff failed to comply with the two orders issued by the undersigned, the undersigned issued an order to show cause. (Doc. 5). The undersigned directed Plaintiff to explain why he failed to comply with this court's orders. The undersigned imposed a deadline of January 3, 2020. The undersigned warned Plaintiff that his failure to comply with the order to show cause likely would result in dismissal of this action. (*Id.*).

As of this date of this Report and Recommendation, Plaintiff has failed to file a complaint that complies with the Federal Rules of Civil Procedure and Local Rules. He has failed to pay the $400.00 fee. He also has not explained why he failed to comply with the undersigned's orders.

## II.     Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with three court orders.

### A.     Failure to Pay the Filing Fee

The Local Rules provide that a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3. Section 1914 directs the clerk of the court for each district court to collect a filing fee of $350.00 from the parties that commence a civil action and any additional fees that are prescribed by the Judicial Conference of the United States. 28 U.S.C. § 1914.

Local Rule 41.1 for the Northern District of Florida provides that the court may dismiss a claim if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1. But before a court may dismiss an action for failure to pay the filing fee, the court must first afford the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014).

Here, the undersigned denied Plaintiff's motion for leave to proceed *in forma pauperis* because Plaintiff's financial affidavit did not demonstrate Plaintiff's eligibility to proceed *in forma pauperis*. Accordingly, the undersigned directed

Plaintiff to pay $400 ($350 filing fee and $50 administrative fee) to the clerk of the court. The undersigned warned Plaintiff that failure to comply with the court's order likely would result in dismissal of this action. (*Id.*).

After Plaintiff failed to comply with the court's order, the undersigned issued an order affording Plaintiff an opportunity to explain why he failed to pay the filing fee. (Doc. 5). In that order, the undersigned again warned Plaintiff that his failure to pay the filing fee or explain his failure to comply with the court's previous order likely would result in dismissal of this action. (*Id.*). Despite these warnings, Plaintiff has neither explained his failure nor paid the filing fee. For this reason, the undersigned recommends that this case be dismissed without prejudice.

### B. <u>Failure to Comply with Three Court Orders</u>

The Plaintiff's failure to comply with three court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing &*

*Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On November 12, 2019, the undersigned ordered Plaintiff to pay the filing fee and to file a complaint that complied with the Local Rules and Federal Rules of Civil Procedure. The undersigned imposed a deadline of November 26, 2019, for Plaintiff to pay the filing fee and a deadline of December 12, 2019, for Plaintiff to file a complaint. Thus, Plaintiff has failed to comply with one court order since at least November 26, 2019.

**(2) Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with three court orders:

    a.    the two orders issued on November 12, 2019; and

    b.    the order issued on December 13, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff three times that failure to comply with the respective orders likely would result in dismissal. (Docs. 3, 4, 5). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because any dismissal would be without prejudice, Plaintiff could refile his claim should he choose to pursue it in the future. Thus, dismissal would not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of

cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Because Plaintiff has ignored three court orders, it is likely that Plaintiff would ignore any additional orders directing Plaintiff to comply. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be dismissed without prejudice for failure to pay the filing fee and failure to comply with three court orders.

2. The clerk of the court be directed to close the case.

At Panama City Beach, Florida this <u>9th</u> day of January, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.